UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
:
Kylene Rosario,                                                        :    21-CV-2944 (ARR) (AYS)
:
                Plaintiff,                     :    <u>NOT FOR ELECTRONIC</u>
:    <u>OR PRINT PUBLICATION</u>
   -against-                                                          :
:    <u>ORDER</u>
Prasad Cosmetic Surgery and Amiya Prasad, M.D.,                        :
:
               Defendants.                      :
:
---------------------------------------------------------------------- :
:
:
X

ROSS, United States District Judge:

      On January 2, 2024, plaintiff filed a motion for a Temporary Restraining Order ("TRO") alleging that defendants and/or their agents were attempting to hack two of her accounts, including her personal "afterpay.com" account and "her government account which she uses to file her personal taxes." Pl.'s TRO 1, ECF No. 55. As a result, plaintiff requests that I: (1) temporarily stay dispositive motion practice; (2) compel defendants and third-party Sudha Prasad to preserve all digital data on any device that may have been used to conduct the alleged hacking; (3) order defendants to produce the devices used in the alleged hacking to a third party for expert investigation and inspection; and (4) refer those responsible for the alleged hacking to the appropriate law enforcement agency for potential prosecution. *Id.* at 2. I deny plaintiff's motion for a TRO.

      "The standard[s] for granting a temporary restraining order and a preliminary injunction . . . are identical." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l, Ltd.*, 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002). To receive a preliminary injunction, a party must demonstrate: (1)

irreparable harm in the absence of the injunction; (2) that there is either (a) "a likelihood of success on the merits and a balance of equities tipping in the party's favor or (b) a sufficiently serious question as to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in the party's favor"; and (3) "that the public interest would not be disserved by the relief." *Antonyuk v. Hochul*, 635 F. Supp. 3d 111, 125 (N.D.N.Y. 2022). Plaintiff's motion fails to address any of these factors. *See* Pl.'s TRO. Further, it is not clear how this alleged hacking incident is related to this case. Although plaintiff alleges that defendants "could attempt to use [the information they receive from the alleged hacking] in the instant matter," she fails to explain how. *Id.* As a result, I deny plaintiff's motion for a TRO.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:   January 3, 2024
         Brooklyn, New York

2